UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| In the Matter of: | : | Chapter 7 |
| | : | |
| AMBER L. BARNETT, | : | |
| | : | |
| Debtor | : | Case No. 04-55186 RFH |
| | : | |
| SUGAR HILL FARM, INC. AND | : | |
| KYLE SPENCER, INDIVIDUALLY, | : | |
| AND D/B/A SUGAR HILL FARM, | : | |
| | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| AMBER L. BARNETT, | : | Adversary Proceeding |
| | : | No. 09-5031 |
| Defendant | : | |

BEFORE

ROBERT F. HERSHNER, JR.
UNITED STATES BANKRUPTCY JUDGE

COUNSEL:

Plaintiffs:                 Eugene S. Hatcher
                            Kim H. Stroup
                            Anderson, Walker and Reichert, LLP
                            P.O. Box 6497
                            Macon, GA 31208-6497

Defendant:                  Don E. Snow
                            P.O. Box 12
                            Thomaston, GA 30286

## MEMORANDUM OPINION

Sugar Hill Farm, Inc. and Kyle Spencer, individually and d/b/a Sugar Hill Farm, Plaintiffs, filed with the Court on June 23, 2009, a motion for summary judgment.  Amber L. Barnett, Defendant, filed a response on July 13, 2009.  The Court, having considered the record and the arguments of counsel, now publishes this memorandum opinion.

"A motion for summary judgment should be granted when 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'  Fed.R.Civ.P 56(c). '[T]he plain language of Rule 56(c) mandates the entry of summary judgement . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed. 2d 265 (1986); *see also Morisky v. Broward County*, 80 F.3d 445, 447 (11th Cir.1996).  On a summary judgement motion, the record and all reasonable inferences that can be drawn from it must be viewed in the light most favorable to the non-moving party.  *See Cast Steel*, 348 F.3d at 1301."  Midrash Sephardi, Inc. v. Town of Surfside, 366  F.3d 1214, 1223 (11th Cir. 2004), cert denied 543 U.S. 1146, 125 S.Ct. 1295, 161 L. Ed. 2d 106 (2005).

Plaintiffs own a farm in Lamar County, Georgia. Several hundred deer carcasses were dumped onto Plaintiffs' farm.

Defendant's father was an employee of Plaintiffs' farm. Defendant's mother owned a deer processing business.

In December 2005 Defendant and her parents were indicted for the unlawful dumping and for damages to Plaintiffs' farm. In June 2006 Defendant plead guilty to unlawful dumping and criminal trespass.[1] Both counts were misdemeanors. Defendant was sentenced under the state's "first offender statute." The Superior Court of Lamar County (hereafter the "state court") ordered Defendant, on each count, to pay a fine of $250 plus surcharges and to serve 12 months on probation. Defendant was ordered to pay the costs to clean up Plaintiffs' farm. This obligation was part of Defendant's probation.[2] Defendant's parents also plead guilty to unlawful dumping and criminal trespass and were ordered to pay the cost to clean up Plaintiffs' farm.

In August 2006 the state court entered the following order:

### ORDER OF RESTITUTION

This Court conducted a sentencing hearing on the above unlawful dumping case on June 14, 2006. As part of the sentence the Court directed that all the above defendants [Defendant and her parents] would be jointly and severally liable for the clean up of Mr. Kyle Spencers [sic] property as a result of the illegal

---

[1] In the record, this is sometimes referred to as criminal damage to property.

[2] Transcript of Sentencing Hearing, (June 14, 2006), pp. 40-42. Adversary Pro. Doc. No. 14-2.

3

> dumping.  This Court and the parties agreed that Mr. Spencer
> would be allowed to obtain estimates of the Cost [sic]of the clean
> up.  This Court has considered the States [sic] petition and directs
> that one Hundred and Twelve Thousand Four Hundred and Fifty
> Dollars ($112,450.00) restitution be made part of the sentence.
> All defendants [Defendant and her parents] are jointly and
> severally liable.
>
> So Ordered, this the 25th day of August 2006.

Defendant paid her fines and surcharges as ordered by the state court.

Defendant served 24 months on probation without further incident.  The restitution of

$112,450 has not been paid.

Defendant filed a petition under Chapter 13 of the Bankruptcy Code on

November 9, 2004.  Defendant's Chapter 13 case was converted to a case under

Chapter 7 of the Bankruptcy Code on January 15, 2009.  Plaintiffs filed on March 27,

2009, a complaint to determine dischargeability of debt.[3]  Plaintiffs, with leave of

Court, filed an amendment to their complaint on June 9, 2009.  Plaintiffs contend that

Defendant's obligation for restitution is non-dischargeable under section 523(a)(6)

and (7) of the Bankruptcy Code.

In their motion for summary judgment, Plaintiffs contend they are entitled to

judgment as a matter of law based upon the criminal proceedings in state court.

Defendant contends that under the state's first offender statute she has been

---

[3] See Fed. R. Bank. P. 1019(2) (conversion from Chapter 13 to Chapter 7 commences
new time period for filing dischargeability complaint).

4

completely exonerated of any criminal purpose and she is not considered to have a

criminal conviction.[4]  In her affidavit, Defendant states "I never personally committed

any harm to the Plaintiff or Plaintiff's property and I specifically deny willful and

malicious injury to Plaintiff or Plaintiff's property."

Section 523(a)(6) and (7) of the Bankruptcy Code provides in part:

> **§ 523.  Exceptions to discharge**
>   **(a)** A discharge under section 727, 1141, 1228(a), 1228(b), or
> 1328(b) of this title does not discharge an individual debtor from
> any debt——
>
>          . . .
>
> > **(6)** for wilful and malicious injury by the debtor to another
> > entity or to the property of another entity;
> > **(7)** to the extent such debt is for a fine, penalty, or
> > forfeiture payable to and for the benefit of a governmental
> > unit, and is not compensation for actual pecuniary loss, . . .

11 U.S.C.A. § 523(a)(6), (7) (West 2004).

In <u>Kelly v. Robinson</u>,[5] the United States Supreme Court stated:

> Congress included two qualifying phrases [in § 523(a)(7)];
> the fines must be both "to and for the benefit of a
> governmental unit," and "not compensation for actual
> pecuniary loss." . . .  Unlike traditional fines, restitution is
> forwarded to the victim, and may be calculated by

---

[4] O.C.G.A. §§ 42-8-60, -62 (Supp. 2009).  <u>But see</u> O.C.G.A. §§ 17-14-2, -3 (2008).

[5] 479 U.S. 36, 107 S.Ct. 353, 93 L. Ed. 2d 216 (1986).

> reference to the amount of harm the offender has caused.
>
> In our view, neither of the qualifying clauses of
> § 523(a)(7) allows the discharge of a criminal judgment
> that takes the form of restitution.

479 U.S. at 51-52.

In <u>Colton v. Verola</u>, (<u>In re Verola</u>)[6] the state court ordered the debtor, as a

condition of probation, to pay $2.5 million in restitution to the Department of

Correction which was to forward the funds to the victims of the debtor's fraud.  The

debtor argued that the restitution was not "payable to and for the benefit of a

government unit" and was thus dischargeable under § 523(a)(7).  The Eleventh Circuit

Court of Appeals disagreed and stated:

> In *Kelly* [*v. Robinson*], the Supreme Court "h[e]ld that
> § 523(a)(7) preserves from discharge any condition a state
> criminal court imposes as part of a criminal sentence."
> *Kelly*, 479 U.S. at 50, 107 S.Ct. at 361.  More specifically,
> the Court "conclude[d] that restitution orders imposed in
> [criminal] proceedings operate 'for the benefit of the State.
> Similarly, they are not assessed 'for . . . compensation' of
> the victim."  *Id*. at 53, 107 S.Ct. at 363 (omission in
> original).  Thus, the Court found that restitution
> obligations imposed by states as part of criminal sentences
> were not dischargable in a Chapter 7 proceeding.
>
> [The debtor's] restitution obligation is exactly that.

446. F.3d at 1207.

---

[6] 446 F.3d 1206 (11th. Cir.) cert. denied 549 U.S. 885, 127 S.Ct. 248, 166 L.Ed. 149
(2006).

The Eleventh Circuit also stated:

> Because the Supreme Court's holding in *Kelly*, that § 523(a)(7) makes all state-imposed criminal restitution obligations non-dischargeable, is still the law of the land, we AFFIRM.

446 F.3d at 1209-10.

See In re Thompson, 418 F.3d 362 (3rd. Cir. 2005).

This Court is bound by the Eleventh Circuit's decision in In re Verola which held that all state-imposed criminal restitution obligations are non-dischargeable in bankruptcy. In the case at bar, the state court ordered Defendant to pay restitution as part of her criminal sentence and as part of her probation. The Court is persuaded that Defendant's obligation to pay restitution is non-dischargeable under § 523(a)(7). The Court is persuaded that Plaintiffs' motion for summary must be granted. The Court need not address Plaintiffs' contention that Defendant's obligation is also nondischargeable under § 523(a)(6).

An order in accordance with this memorandum opinion will be entered this date.

DATED this 29th day of October, 2009.


Robert F. Hershner, Jr.
_____
ROBERT F. HERSHNER, JR.
United States Bankruptcy Judge

7

8